IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LUCY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-074 |
| | ) | |
| MICHAEL ROSENTHAL and KEVIN | ) | |
| MCCLANAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### ORDER AND REPORT AND RECOMMENDATION
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").  Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** her request to proceed IFP, for the purposes of dismissal only.  (Doc. no. 2.)

Because plaintiff is proceeding *pro se* and IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.    Screening the Complaint

### A.    Background

Plaintiff's complaint consists of a single typewritten page.  She lists two defendants and alleges only that "1.  Defendants Kevin Mcclanahan violated due process, [and] 2.

Defendant Michael Rosenthal conspired with Kevin Mcclanahan." (Doc. no. 1, p. 1.) She "demands an award to be decided by the Court." (Id.)

### B.    Discussion

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's allegations fail to state any facts at all that would give rise to a due process claim. She provides no details about how Defendants are alleged to have violated due process, let alone what each individual Defendant did. The Eleventh Circuit has held that a district court properly dismisses a claim, when other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamela Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) for the proposition that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). While Plaintiff names two defendants in the caption of her complaint, Plaintiff does not make any factual allegations associating Defendants with any purported constitutional violations. (See generally doc. no. 1.) As the complaint is but "an unadorned, the-defendant-unlawfully-harmed me accusation" that ""tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

## II.    Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff leave to proceed IFP for the purposes of dismissal only, (doc. no. 2) and **REPORTS and RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO ORDERED and REPORTED AND RECOMMENDED this 5th day of May, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4